# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LATHAM ENTERTAINMENT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  02-CV-2476 |
| v. | ) | |
| | ) | [PROPOSED] ORDER FOR |
| JAMES HARRIS a/k/a "TALENT," "CAPONE," | ) | CIVIL CONTEMPT OF |
| DREW FRAISER, GERALD KELLY, | ) | PERMANENT INJUNCTION |
| ROB STAPLETON, and THE NEW | ) | AGAINST DEFENDANTS |
| YORK KINGS OF COMEDY, entity form | ) | AND FOR SANCTIONS |
| unknown, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

**WHEREAS**, on August 8, 2002, this Court entered a Default Judgment and Permanent Injunction (the "Injunction") (Doc. No. 10), permanently enjoining each of the Defendants, together with their officers, directors, principals, servants, employees, successors and assigns, and those in active concert and participation with them, from, among other things: (1) using the name "The New York Kings of Comedy" or any other name or mark that contains Latham's federally registered service mark THE KINGS OF COMEDY U.S. Service Mark Reg. No. 2,372,042, or any terms confusingly similar thereto, to promote, advertise, or solicit attendance to a comedy performance, comedy act(s) or other entertainment act whether live or recorded;  in connection with the promotion, advertisement, or solicitation of attendance to any entertainment event, including but not limited to, a comedy performance or comedy act; (2) making any statement or representation whatsoever that falsely designates the origin of Defendants' comedy act as that of Plaintiff or that is otherwise false or misleading with respect to Plaintiff; (3) engaging in any other

4871-2700-6981.1

activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's registered service mark THE KINGS OF COMEDY, or of Plaintiff's rights in, or its right to use or exploit, such service mark, or constituting dilution of the service mark THE KINGS OF COMEDY and the reputation and goodwill associated with that service mark; (4) using in any way "The New York Kings of Comedy" name or any other name that contains Latham's "THE KINGS OF COMEDY" mark or any terms confusingly similar thereto to promote, advertise, or solicit attendance to any entertainment events including, but not limited to, live or recorded comedy acts, or any other events promoted in the normal course of the Defendants' respective businesses; and (5) using "the New York Kings of Comedy" name or any other name that contains Latham's "THE KINGS OF COMEDY" mark or any terms confusingly similar thereto in or on any medium, including, but not limited to, television, radio, print media, the Internet, billboards, flyers or other written material to promote or advertise any live or recorded comedy act or any other events promoted in the normal course of Defendants' respective businesses;

**WHEREAS**, Plaintiff, Walter Latham Entertainment, Inc., formerly Latham Entertainment, Inc. ("Plaintiff"), moved by order to show cause on November 5, 2021, seeking to hold James Harris a/k/a "Talent," "Capone," Rob Stapleton, Mark Viera, "Tone X" a/k/a "Grown Man Tone X" and The New York Kings of Comedy (collectively, the "Defendants") in contempt for violating the Injunction;

**WHEREAS**, on November 9, 2021, this Court ordered Defendants to show cause at a hearing on November 30, 2021, why they should not be held in civil contempt of the Injunction (the "Order to Show Cause");

**WHEREAS**, Defendants were duly served via electronic mail and certified mail with a copy of the Court's Order to Show Cause, the declaration of Kristina A. Reliford, and its

accompanying exhibits, and Plaintiff's Memorandum in Support of its Order to Show Cause on November 9 and 10, 2021, respectively;

**WHEREAS**, Defendants had actual notice of this Court's Order to Show Cause but did not appear at the November 30, 2021 hearing; and

**WHEREAS**, this Court, having heard argument from counsel for Plaintiff and reviewed the declaration of Kristina A. Reliford sworn to the 5th day of November 2021, and the accompanying exhibits, the memorandum of law, the Injunction, and applicable case and statutory law, has concluded that Defendants are in civil contempt, and now finds as follows:

1.      The Injunction is clear and unambiguous.  Additionally, Plaintiff has established by clear and convincing evidence that Defendants have not complied, and have not diligently attempted in a reasonable manner to comply, with the Injunction.  Specifically, James Harris a/k/a "Talent," "Capone," Rob Stapleton, Mark Viera, "Tone X" a/k/a "Grown Man Tone X" and The New York Kings of Comedy acted in concert and/or participation with each other in using the name "NY Kings of Comedy," or any other confusingly similar name to Plaintiff's registered service mark THE KINGS OF COMEDY, in connection with the promotion, advertisement, or solicitation of attendance to comedy performances on September 17-18, 2021, in Greensboro, North Carolina, on September 30 – October 3, 2021, in Atlanta, Georgia, and on November 21, 2021, in Charlotte, North Carolina.

2.      Despite actual knowledge of the Injunction and the November 30, 2021 hearing on civil contempt charges for their violations of the Injunction, Defendants did not file an opposition, attend the hearing, or offer any evidence to counter Plaintiff's evidence or explain their actions to the Court.

3

3.      As a result of Defendants' willful and intentional violation of the Injunction, a coercive fine of $15,000 (that is, $5,000 per show) is warranted to ensure future compliance with this Court's Injunction.  *See Clissuras v. City Univ. of N.Y.*, No. 02 Civ 8130, 2005 WL 3288097, at *3 (S.D.N.Y. Dec. 2, 2005) (setting a coercive fine for future non-compliance of "$5,000 payable to the Clerk of the Court that will increase $5,000 for every subsequent act of compliance."); *Chere Amie, Inc. v. Windstar Apparel*, 175 F. Supp. 2d 562, 567 (S.D.N.Y. 2001) (ordering defendants to pay a fine of $25,000 payable to the Clerk of Court). Without the imposition of a fine, Defendants will continue to ignore the Injunction.

4.      Pursuant to Local Civil Rule 83.6, Plaintiff is entitled to reasonable attorneys' fees necessitated by this contempt proceeding.  Plaintiff has established that its attorneys' fees necessitated by this contempt proceeding amount to $21,499.00

5.      Defendants are in contempt of this Court's Injunction and it is therefore necessary to issue the present Civil Contempt Order to coerce compliance with the Injunction and to order Defendants to pay for harm resulting from their contumacious conduct.

IT IS THEREFORE ORDERED:

1.       That Defendants shall pay a fine to the Clerk of Court in the amount of $15,000 by no later than  December 29, 2021 .

2.      That Defendants, within thirty (30) days of entry of this Order, shall pay Plaintiff's attorneys' fees in the amount of $21,299.00

Dated: New York, New York
        December 20, 2021

_Loretta A. Preska_
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

4871-2700-6981.1